UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10071-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIDIER GONZALEZ-VASQUEZ,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION
### FOR AUTHORIZATION TO TAKE FOREIGN DEPOSITIONS

Presently pending before the Court is the Defendant's Motion for Authorization to Take Foreign Depositions (DE # 78). The Government has filed a Response to the Motion (DE # 83). This motion is referred to the undersigned Magistrate Judge (DE # 47).

On September 26, 2008, Defendant Didier Gonzalez-Vasquez ("Vasquez") was charged with twenty-one Counts in an Indictment alleging that on or about May 27, 2008, Mr. Vasquez conspired with a co-Defendant to encourage and induce twenty aliens to enter and reside in the United States by attempting to transport the aliens from Cuba to the United States on a sea vessel in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (DE # 1). On August 12, 2009, the Defendant was appointed counsel to represent him pursuant to the Criminal Justice Act ("CJA")(DE # 52).

In the instant Motion, counsel for the Defendant requests pursuant to Federal Rule of Criminal Procedure 15(a)(1) that he be authorized to take the depositions in Cuba for use at trial of two of the persons who were allegedly aboard the subject vessel and were returned, along with the other aliens on the vessel, to Cuba by the United States Government. Counsel also requests that the Government pay for the expenses pursuant

to Rule 15(d).  In its Response to the Motion, the Government indicates that it does not object to the Defendant's request.   For the following reasons, the undersigned grants the Defendant's Motion.

>    Federal Rule of Criminal Procedure 15, Depositions, provides, in relevant part,
>
>    (a) When Taken.
>
>    (1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

The Rule further provides,

>    d) Expenses. If the deposition was requested by the government, the court may--or if the defendant is unable to bear the deposition expenses, the court must--order the government to pay:
>
>    (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and
>
>    (2) the costs of the deposition transcript.

Fed.R.Crim.P. 15.  In *United States v. Ramos*, 45 F.3d 1519 (11th Cir. 1995), *opinion after remand*, 179 F.3d 1333 (11th Cir. 1999), a case cited by the Government in its Response, the Eleventh Circuit initially remanded and subsequently reversed and remanded a case where the district court denied a defendant's request pursuant to Fed.R.Crim.P. 15 to depose a witness in Colombia who had been deported five days before the defendant sought to depose him.  Upon initial review, the Appellate Court applied three factors previously set forth by the Court in *United States v. Drogoul*, 1 F.3d 1546, 1554 (11th Cir. 1993) to assess whether exceptional circumstances existed to authorize the deposition pursuant to Rule 15.  Specifically the Court examined: 1) whether the witness was unavailable to testify at trial; 2) whether injustice would result because testimony material to the movant's request would be absent; and 3) whether countervailing factors

rendered taking the deposition unjust to the nonmoving party. *Ramos*, 45 F.3d at 1522-23 (citing *United States v. Drogoul*, 1 F3d. 1546, 1554 (11th Cir. 1993)). The Appellate Court concluded that based upon its analysis of the three factors, the district court's denial of the request to depose the witness was error and remanded the case to the district court to determine whether that error was harmless. *Id.* at 1523-24. On remand, the district court determinated that the error was harmless; and, on the defendant's appeal of that finding, the Eleventh Circuit reversed and remanded the case again to the district court, opining that where the testimony relates to the determinative issue of intent, the exclusion of that evidence is not harmless.[1] *Ramos*, 179 F.3d at 1336.

In this case, in support of its Motion, Defendant has submitted letters from the two prospective deponents wherein they describe the circumstances surrounding their departure from Cuba and assert that they were rescued while at sea by the vessel at issue in this case when the boat they left Cuba on began to take on water (DE # 78 at 2). Defendant argues that such testimony demonstrates the Defendant's lack of assistance, knowledge, planning or participation in the migrants' attempt to reach the United States. The Government has conceded in its Response that although the rescue of the migrants does not in and of itself constitute a defense against the instant charges, a claim of rescue may be a part of a larger theory of the Defendant's case.

Applying the *Drogoul* factors to the facts of the case at bar, the undersigned concludes that exceptional circumstances exist in this case to permit the witnesses to be deposed in order to have their testimony preserved for trial. In particular, first, much

---

[1] The Eleventh Circuit also concluded that the district court applied the wrong standard by evaluating whether the Defendant was entitled to a new trial pursuant to Fed.R.Crim.P. 33, rather than applying the harmless error standard under Fed.R.Crim.P. 52. *Id* at 1336.

like *Ramos*, it is uncontested that the witnesses who were repatriated to Cuba are not available to testify at trial. Second, the Defendant has suggested and supported through the submission of written statements that the witnesses that it seeks to depose will demonstrate a lack of assistance, knowledge, planning or participation in the migrants' attempt to reach the United States by the Defendant, which clearly could be material to the Defendant's defense. Also, there is no evidence, and the Government has not indicated otherwise, that taking the depositions would be unjust to the Government.

Finally, the undersigned notes as required by Rule 15(d) that because the Defendant has already been found indigent and appointed CJA counsel, he is unable to bear deposition expenses associated with conducting depositions in Cuba. Therefore, based upon the facts as presented in the Defendant's Motion, as well as the lack of opposition by the Government to the Motion, the undersigned concludes that this case presents exceptional circumstances that in the interest of justice warrant granting the Defendant's requested relief.

It is therefore

**ORDERED AND ADJUDGED** that the Defendant's Motion for Authorization to Take Foreign Depositions (DE # 78) is **GRANTED**. Counsel for Defendant is authorized to take the depositions of Yaimi Pelaez and Yoslevi Celestin in the Republic of Cuba for utilization at trial in this cause. Pursuant to Fed.R.Crim.P. 15(d), the expenses associated with the depositions, including the travel and subsistence expenses of Defendant's counsel and his investigator, as well as the costs associated with the taking

of the depositions and the production of a transcript, shall be borne by the government.

**DONE AND ORDERED** in chambers in Miami, Florida on October 1, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore
	United States District Judge
All counsel of record